Argued November 18, affirmed December 15, 1975, reconsideration denied January 21, petition for review denied February 10, 1976

ZOUVELOS, *Appellant, v.* STATE ACCIDENT INSURANCE FUND (No. 413 948), (CA 4759), *Respondent.*

543 P2d 26

*Darrell F. Bewley,* Portland, argued the cause for appellant. On the brief was J. B. Smith, Aloha.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

SCHWAB, C. J.

The claimant in this workmen's compensation case is disabled as a result of a heart attack which he suffered on January 3, 1973 while in the course of his employment as a school custodian. Contending that his myocardial infarction was work-related, he sought compensation which was denied by the State Accident Insurance Fund. He thereupon sought and received a hearing, as a result of which the referee denied his claim on the grounds that he had not established that his condition was work-related. On appeal the Workmen's Compensation Board and the circuit court both agreed with the referee. So do we.

At his hearing claimant denied having had any pre-existing heart trouble or symptoms such as chest pains. The medical reports of two of his three attending physicians flatly stated that claimant gave a history of intermittent but rather frequent episodes of chest pain for several years preceding the January 1973 heart attack.

The hearing which took place in October of 1973 was continued so that claimant might introduce a medical report or deposition from the third of his attending physicians. He never did so; but, rather, ultimately produced a letter from a doctor who is a surgeon, not an internist, which related no detailed history of claimant's physical problems prior to the heart attack in question, but concluded, based upon his examination of claimant and claimant's history, whatever it was:

"Based on the history obtained from Mr. Zouvelos and my physical examination, I arrived at the final diagnoses. Mr. Zouvelos has generalized moderately severe arteriosclerosis and moderately advanced emphysema of the lungs. In the past, he had a definite myocardial infarction of the inferior

lateral wall of his heart and at the present has a moderate degree of angina pectoris.

"It is my opinion that the generalized arteriosclerosis and emphysema are a combination of metabolic and physiological diseases that were pre-existent to his myocardial infarction of January 1973.

"It is also my opinion, however, that the work as a custodian contributed by aggravation of his pre-existent disease and produced or contributed to his myocardial infarction of the inferior lateral wall of his heart. His present shortness of breath is in part due to his emphysema as well as his impaired heart. The angina pectoris is due to his general arteriosclerosis and also his diseased heart."

The State Accident Insurance Fund introduced into the hearing record the report of a cardiologist from the University of Oregon Medical School who had been present at the hearing. The report first noted a conflict in the evidence concerning whether claimant was going downstairs empty-handed or upstairs carrying an empty garbage pail at the onset of symptoms, and concluded:

"One must assume 2 series of facts here in order to render 2 opinions. (Not necessarily different opinions.)

"Assuming that Mr. Zouvelos was going downstairs as stated in the medical records of 2 physicians, Dr. Leonard Goldberg and Dr. Risser; assuming further that he'd had chest pain off and on for the preceding 5 years which was probably that of coronary insufficiency; i.e. angina pectoris; assuming further that he was going downstairs in the usual way when he first developed his chest pain, then one can state unequivocally that there is no relationship, whatsoever, to the development of his myocardial infarction and his work activity.

"Assuming all the above with the difference

being that he was climbing up the stairs carrying an empty garbage pail when he first developed his chest pain, it would be my medical opinion that the work activity was of insufficient magnitude to produce sufficient ischemia that could develop into a frank myocardial infarction.

"In other words, it would be my medical opinion based upon reasonable medical probability that the work activity and the development of his first symptoms of myocardial infarction were co-incidental and consistent with the natural progression of the coronary artery disease."

Claimant has failed to meet his burden of proof.

Affirmed.